# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LORENZA GERALD FEREBEE, JR.,** )<br>   Plaintiff, )<br> ) <br>v. ) <br> ) <br>**WARDEN C. MANIS,** ) <br>   Defendant ) <br> ) <br> ) | Civil Action No. 7:19cv00680 <br><br> **MEMORANDUM OPINION** <br><br> By: Pamela Meade Sargent <br> United States Magistrate Judge |

Plaintiff, Lorenza Gerald Ferebee, Jr., ("Ferebee"), is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Wallens Ridge State Prison, ("Wallens Ridge"). Ferebee has filed this civil rights action pursuant to 42 U.S.C. §1983, against VDOC employee Wallens Ridge Warden C. Manis, ("Manis"), alleging that his rights under the First and Fourteenth Amendments to the U.S. Constitution were violated. This case is before the court on the defendant's Motion To Dismiss Plaintiff's Amended Complaint, (Docket Item No. 27) ("Motion"), and plaintiff's Motion To Amend, (Docket Item No. 31). For the reasons stated below, the Motion will be granted, and the Motion To Amend, will be denied.

## I. Facts

In his Amended Complaint, (Docket Item No. 26), Ferebee seeks a declaratory judgment, injunctive relief and compensatory, punitive, treble, special and nominal damages, alleging that the defendant violated his First Amendment right to free

speech.[1] In his Amended Complaint, which is sworn to under penalty of perjury, Ferebee stated that on March 28, 2019, he spoke to Manis face-to-face concerning Wallens Ridge policy that forbids inmates from talking to one another, to staff and employees, etc., through the gate/fence during recreation.[2] (Amended Complaint at 4; Docket Item No. 31-2 at 4.) Manis responded that Wallens Ridge policy was posted on the prison gate to prevent Ferebee, or any prisoner, from talking to another prisoner, staff, employee, etc., while on the recreation yard. (Amended Complaint at 4.) Manis informed Ferebee that, if he did not follow the posted rule, he would be punished by either an institutional disciplinary charge or sent to his cell. (Amended Complaint at 5; Document Item No. 31-2 at 5.)

On June 2, 2019, Ferebee attempted to speak to another inmate about a recent death in his family through the dividing fence during outdoor recreation. (Amended Complaint at 5; Docket Item No. 31-2 at 5.) Ferebee alleges that B. Roberts, a correctional officer, saw this and executed Manis's "policy and custom" by sending him to his cell and denying him outside recreation as punishment for talking to another inmate through the dividing fence. (Amended Complaint at 5; Docket Item No. 31-2 at 5.) Roberts instructed Ferebee to return to his cell and threatened to write an institutional disciplinary charge if he did not obey his order to return to his cell. (Amended Complaint at 5; Docket Item No. 31-2 at 5.) Ferebee complied with the

---

[1] While Ferebee asserts that the defendant's actions also violated the Fourteenth Amendment, he raises no separate due process or equal protection claim in either the Amended Complaint or the proposed Second Amended Complaint.

[2] Ferebee alleges that he spoke to Manis about this "policy" on March 28, 2019. (Amended Complaint at 4; Docket Item No. 31-2 at 4.) To the extent he implies that this was preceded by an incident similar to what occurred on June 2, 2019, he has stated no facts regarding any such earlier incident and does not appear to argue that it gives rise to a separate claim.

order and returned to his cell without incident. (Amended Complaint at 5.) Ferebee does not allege the disciplinary charge was written.

Ferebee later filed an Informal Complaint concerning the "policy and custom" of "no talking" in violation of his rights. (Amended Complaint at 6; Docket Item No. 31-2 at 6.) On June 18, 2019, Q. Reynolds responded to Ferebee's Informal Complaint, stating that, if Ferebee is given a "direct order," then he must comply. (Amended Complaint at 6; Docket Item No. 31-2 at 6.) Being dissatisfied with this response, Ferebee filed a Regular Grievance on June 27, 2019. (Docket Item No. 31-2 at 6.) While waiting on a response to this Grievance, Ferebee filed another Informal Complaint on July 30, 2019, addressing Wallens Ridge policy of denying him "free speech" by not allowing him to talk on the fence or through the gate. (Docket Item No. 31-2 at 6.)

On July 30, 2019, in response to Ferebee's Grievance, Manis stated that, "[t]he procedure at Wallens Ridge State Prison govern(s) this grievance." (Amended Complaint at 6; Docket Item No. 31-2 at 6.) Manis has a "policy and custom" posted on the prison gate/fence stating, "[n]o talking or yelling on the fence." (Amended Complaint at 6; Docket Item No. 31-2 at 5.) On August 2, 2019, Reynolds responded to Ferebee's July 30, 2019, Informal Complaint, stating that, "[f]or security reason(s), we can make sure gang related information is not spread to other(s)." (Docket Item No. 31-2 at 6.) Ferebee appealed Manis's July 30, 2019, response. (Docket Item No. 31-2 at 6-7.)

Ferebee states that on September 7, 2019, he filed a third Informal Complaint because he, along with the entire B-1 Pod and A-6 Pod, were denied outside recreation after they were talking on the fence. (Docket Item No. 31-2 at 7.) Ferebee

-3-

alleges that no one was a threat to safety or security because the Outside Recreation Officer and K-9 Dog Officer were outside, and no one was on "some-gang-tanza(s)." (Docket Item No. 31-2 at 7.) On September 11, 2019, Reynolds responded to Ferebee's third Informal Complaint, stating, "[t]he officer(s) are in charge of security on the yard without a doubt. The Booth Officer did his/her job to not allow communication between the yard(s)." (Docket Item No. 31-2 at 7.)

The only difference between Ferebee's Amended Complaint and the proposed Second Amended Complaint attached to the Motion To Amend is that the proposed Second Amended Complaint alleges that the defendant's actions also violated Ferebee's rights under the Eighth Amendment, in addition to the First and Fourteenth Amendments. (Docket Item No. 31-2.) In his proposed Second Amended Complaint, Ferebee alleges that the defendant violated his Eighth Amendment rights by being "deliberately indifferent" to the fact that the policy violated his free speech rights and inflicted cruel and unusual punishment. (Docket Item No. 31-2 at 4-6, 9.)

In support of his Motion, Manis does not admit that the facts within the Amended Complaint are true, but he accepts Ferebee's version of the facts for purposes of his Motion. (Docket Item No. 28 at 2.)

*II. Analysis*

In the Motion, the defendant argues that Ferebee's Amended Complaint should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief may be granted. The defendant also argues that he is entitled to dismissal of the Amended Complaint, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) on grounds of Eleventh Amendment immunity. The

defendant further argues that Ferebee's claims against him in his official capacity should be dismissed because Ferebee cannot recover money damages from him in his official capacity under § 1983.

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976).

Furthermore, the court is required to liberally construe complaints filed by plaintiffs proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Erickson,* 551 at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This requirement of liberal construction does not mean, however, that the court should ignore a clear failure to plead facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this case, Ferebee claims that his First Amendment right to free speech was violated by the defendant's policy of prohibiting prisoners from speaking to anyone

through the fence during outdoor recreation. He further alleges, in his proposed Second Amended Complaint, that the defendant violated his Eighth Amendment rights by being "deliberately indifferent" to the fact that the policy violated his free speech rights and his right to be free from cruel and unusual punishment.

Courts have consistently concluded that a blanket restriction on inmate speech in a specific location within a prison is a reasonable restriction and does not constitute a deprivation of an inmate's First Amendment right to free speech. *See Lamar v. Coffield*, 353 F. Supp. 1081, 1083 (S.D. Tex. 1972); *Wheeler v. Maddox*, 2017 WL 9440399, at *8 (N.D. Fla. June 27, 2017); *Riley v. Muhammad*, 2015 WL 10433469, at *11 (W.D. Pa. Dec. 11, 2015); *Holmes v. Dalrymple*, 2013 WL 504690, at * 3 (S.D. Ga. Jan. 15, 2013); *Taylor v. Ozmint*, 2011 WL 441934, at * 2-3 (D. S.C. Feb. 7, 2011); *Duncan v. Quarterman*, 2009 WL 2614395, at * 3 (N.D. Tex. Aug. 26, 2009); *see also Wall v. Mefford*, 2018 WL 9458209, at *5 (W.D. Va. Mar. 19, 2018) (recognized in dicta). They also have held that such a restriction does not violate the Eighth Amendment's prohibition on cruel and unusual punishment. *See Hendrickson v. McCreanor*, 199 F. App'x 95, 102 (3rd Cir. 2006); *Smiley v. Stevenson*, 2010 WL 2902778, at *5 (D. S.C. Apr. 30, 2010). "Freedom of speech … must of necessity be one of the first Constitutional guarantees to fall subject to reasonable restriction by prison officials in the proper management and administration of prison systems." *Lamar*, 353 F. Supp. at 1083. A prisoner should not "conflate[] the protections offered to him under the First Amendment with a general and irrefutable right to speak whenever he so desires without repercussions." *Holmes*, 2013 WL 504690, at * 3.

In *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation

is valid if it is reasonably related to legitimate penological interests." To meet this standard, the Court identified four factors to consider: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. *See Turner*, 482 U.S. at 89-90. Nonetheless, the Fourth Circuit has recognized that "[p]rison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 469 (4th Cir. 1999) (internal quotation omitted). Furthermore, "[t]he burden … is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

Ferebee, in both the Amended Complaint and the proposed Second Amended Complaint, cites the *Turner* decision and the four-part test set out above, and he urges that the court use the test to scrutinize the regulation at issue. Nonetheless, neither complaint contains facts from which the court could find that the regulation at issue in this case is not reasonably related to a legitimate penological interest. Therefore, I will dismiss Ferebee's Amended Complaint as failing to state a claim under Rule 12(b)(6). I also will deny Ferebee's Motion To Amend as futile, because the proposed Second Amended Complaint likewise fails to state a claim.

Based on my finding that Ferebee has failed to state a claim, it is not necessary to address the defendant's remaining arguments.

Based on the above-stated reasons, I will grant the Motion, deny the Motion To Amend and dismiss Ferebee's Second Amended Complaint for failing to state a claim.

An appropriate Order and Judgment will be entered.

**ENTERED**: February 24, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE